NOTICE OF APPEAL TO: CRIMINAL COURT OF APPEALS   42,199-06
AUSTIN TEXAS

FOURTH COURT OF APPEALS
San Antonio Texas

Supreme Court of Appeal
Washington DC

Roland S. Perkins
    Relator Appellant §
Vs.
State of Texas 144th District §
Court Bear County, 4th §
    Respondent Appellee §

Cause # 2012CR5082

Appeal # 04-13 00751CR

This document contains some pages that are of poor quality at the time of imaging.

PETITIONER'S REQUEST MANDAMUS NUNC PRO TUNC HABEUS CORPUS ILLEGAL RESTRAINT

Court Clerk, failed to enter Amended corrected Judgement of sentence to Eignt Year instead of Ten year Also pretrial community Service Two year was not granted

MOTION WRIT OF MANDAMUS To do their ministerial duties Correct Judgement sentencing
NUNC PRO TUNC Correct time For Sanction by the Court higher bond pretrial

WRIT OF MANDAMUS IS:
[ ] GRANTED      [ ] DENIED

NUNC PRO TUNC
[ ] GRANTED  [ ] DENIED

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 02 2015
Abel Acosta, Clerk

Page 22    Final Page

In Re
ROLAND S. PERKINS

vs.

TRIAL COURT 144th;
Forth Court Appeals
Angus McGinity Presiding

Forth Court of Appeals

AT.

Bexar County District
Court, Bexar County
Texas

## HABEUS CORPUS APPLICATION; PETITION FOR WRIT OF MANDAMUS NUNC PRO TUNC

Now comes Roland S. Perkins, relator propia persona in the above cause of action Habeus Corpus, writ OF MANDAMUS and NUNC PRO TUNC

Persuant to Art 22. 221 of the Tex Gov. Code TGC Article I Section 6 of the Texas Constition and will show the court the Following:

The court has violated the relators petitioners constitional right as well as the Texas Constitutional rights

By RESENTENCING AND WRONGFULLY MODIFYING HIS original sentence without the facts or being presence in a court of law by WRONGFULLY changing Eignt Years to 10 years

FOOTNOTE(1) Relater states that on August 1 2013 He was sentence to Eight year Two weeks After sentencing his Lawyer Cornelius Cox Said The Judge Amended sentence From 10 years to Eight Years by Judge Angus McGinity 144th Trial court.

HABEUS CORPUS WRIT OF MANDAMUS NUNC PROTUNC
Double Jeopardy Denied Due Process

United States          Bill of Rights          Constitution

Double Jeopardy Denied Due Process of Law
Double Jeopardy Restrictions of private property
Not to be taken without compensation.

No person shall be held, To Answer for
Capital Crime Or otherwise infamous crime
unless presentment of indictment or Grand Jury
Nor shall any person be subject to the same
crime TWICE PUT IN DOUBLE JEOPARDY

Fourth Court of Appeals, and the respondents
have clearly in response To his habeus Corpus
§ 11.07 Appeal for Discretionary review have
wronfully added more time to the relators
sentence It is Double Jeopardy

They have Failed to comply with his
Due process rights Accordingly to Appellate
Rules of Procedure See FRAP 59(e) Correct to
remove Error of Injustice There was an
Amedded Sentence after the 10 year sentence.
Tex Code Ann. Art 42.03 § 2(a) (1)
Presentence sanction by Court Credit or
relief Granted Relator's Habeur Corpus
Motion WRIT OF MANDAMUS NUNC PRO TUNC
Is being petitioned ~~Mote~~ Now.

Page 2

# JURISDICTION

Under the articles cited herein, the court has inherent powers to enforce its Judgement of 8 years not 10 years To reflect his current 8year sentence Also grant the Relator Applicant time spent on Bond After arrest and Court sanctions.

# HISTORY

Movant was sentenced August 1 2010 recieved Amended sentence August 12, 2013 Also Out on Bond Since 2010. which court ordered sanction and pretrial community service

After Plea Bargain Agreement on his 3rd OWI of the 144th Trial court Judge Angus McGinity was presiding Now Same DA Now Judge. DA out of retaliation will not grant or honor 8year sentence. see retaliation Supreme Court

# ARGUEMENT

This Amended corrected Time court ordered is being ignored, hidden appeared to vanish However it is sustainable In any court of law Sign by a Judge. under Tex Crim code 42.02 42.03 Relator is Entitled not only This time but also Back time served after his arrest. There needs to be a discovry phace in this which the respondent fail to produce The relator will seek a million dollar a year he is held illegally confined in which this shend is being played out,

ISSUES PRESENTED; APPLICATION HABEUS CORPUS WRIT OF MANDAMUS, NUNC PRO TUNC

## FIRST ISSUE

Evidence and proof are embedded in the Bexar County Court records, And clerical court records 144th. On timesheet calculation sheet of TDCJ CID Texas Department of criminal Justice. with wrong sentence which is wrongful imprisonment which has wrongfully added 2 more years to sentence 2021 to 2023 unfavorable parole Decision as well

## SECOND ISSUE

Under FRAP Rule 60 Discovery Please produce corrected Amended sentencing As of August 13 2013 Being done in the Trial Court at Bexar County 144th District Court Judge Angus McGinity Presiding For Amended sentence and pretrial time credited.

## THIRD ISSUE

Pretrial service was not denied in sentencing Two years community supervision Pretrial DWI community supervision on a court sanction ordered by the court judge.

## FOURTH ISSUE

These issues are presented in the facts Because the respondent failed to do their ministerial duties Type the Final sentencing ~~~~~~~~~~

## FOFTN ISSUE

Due Process of Law Fourth Court of Appeal revised or reverse The Judgement Between the relators and 144th Trial court Number 2012 CR 5082

# HABEUS CORDUS WRIT OF MANDAMUS NUNC PROTUNC

## BACKGROUND OF THE CASE

The relator is Roland S. Perkins, TDCJ CID # 1870813 is a incarcerated offender illegally confined at the Texas Department of Criminal Justice Located at Dominguez Unit 6535 Cagnon Road San Antonio Texas 78222

Respondents Fourth Court of Appeal and TRIAL Court 144th Judge Angus McGinity Attorneys Joseph Hoerlee, Phil Stauffer (Died) Cornalius Cox Represent and witness to hear the Judge pronounce Ten years. Then Amended Judgement 8 years Fourth Court of Appeal same Court house. After Discretionary Review. ADDED TWO YEARS

Relator have sought by letterr habeus Corpus to change or correct The incorrect sentence Or for them to Perform Their ministerial Duties **CORRECT THE CLERICAL ERROR** On November 26 2014 Denied Due process his relator sentence hace illegally changed and TDCJCID is not Calculating his time properly he is in illegal custody

Herein this petition is being filed to Correct or Fix the clerical error of the unconstitional Confinement Being Done by the respondents in their official capacity. Seeking a Corrected judgement or an Appellable ruling in favor of the relator.

Page 5

HABEUS CORPUS:MANDOMUS; NUNC PRO TUNC
TEXAS RULES OF APPELLATE PROCEDURE

Power vs. Kelley 70 SW 3d 137 2001

We Follow the well established Law, set out in vasquez not because of the written Judgement was void but because it violates a defendants Constitutional rights To Due Process Orally announced sentence to him ....

Then later without notice to the defendant and without giving him oppertunity to be heard enter a written judgement imposing a harsher Sentence.

We therefore GRANT RELIEF and order that the written judgement in this case BE CORRECTED to reflect That Applicants 17 years is to be run concurrently with sentence recieve in Gregg county Kelly Price and Keasler JJ concurred in the result Holcomb filed a concurring opinion

The majority notes that [a] WRITTEN JUDGEMENT which does not accurately reflect The Oral pronouncement OF Sentence Is Subject to correction VIA NUNC PRO TUNC MOTION AND ORDER op Page 35

Footnote [2] The written Amended Corrected Judgement That does not affect The Oral pronouncement Is subject to Correction Amedded sentence Corrected Should be Final Judgement

Tex Code Ann. Code Criminal Justice 40.01 42.12
Finality of Judgement     In general is not a
final Judgement or disposing of exeptions to
An indictment State v Paschal 1858 32 Tex
584 State v. Thorton 1969 32 Tex 104

        Roberts v State 1877 3 Tex Crim 47
Petition for certari United States Supreme Court

## Judgement Is Reversed

Or otherwised modified of United States Supreme
Court Binding Criminal Court of Appeals (1976)
543 SW 366 Fed Court 509 TDCJ CID NOT
Properly Calculating Sentence French v Estelle
692 F2d 1021 5th Cir 1982 INHANCE SENTENCE

## SENTENCING; JUDGEMENT DETERMINING
## FINALITY OF JUDGEMENT

        Pronouncement of sentencing Is Appealable
EVENT AND THE WRITTEN SENTENCE ORDER
Simply memorizes it should compart
Therewith     EX PARTE MADDING
Criminal court of Appeal (2002) 705 SW
3d 136     DIRECT STACKING improper object or
correcting order Ex Parte Townsend 137 SW
3d 79 Tex Crim Code (2004)

Article 42.12 Tax Code Ann. The Judge Shall set out the finding of Good Cause in the Judgement.

Community Supervision for offenses Committed. Because of Bias or Prejudice Sec. 13 A (B) A court granting supervision to a defendant convicted of an offense Affirmative Finding 42.014 shall require community supervision of the defendant

Judgement and sentencing PRESENTENCE Investigation report in General Provision for defendants have oppertunity to see copy 702 SW 2d 193 Sentence Judgement Chapter 42 mandamus was available to TDBP methods of determining whether criminal Trial should deliver File of Parolee to his Counsel in case involving different offense WRIT OF MANDAMUS

Mandamus 709 SW 2d 18 Compel Conclusion of requirement Although Judge had no authority to terminate probation orders issues against Felony DWI Granted of STATE PETITION FOR WRIT OF MANDAMUS In re state ex Hilbig 985 S.W. 189

Footnote [3] Mandamus relief is available In pretrial credit after arrest, Bond sanctions ordered by Court 144 All a part of the finality of sentence to grant State petition for mandamus.

Page 8

WRIT OF MANDAMUS MEMO OF LAW

CODE CRIMINAL PROCEDURE ART. 42.08 Pronouncement of sentence, Aguilar vs. State App 10. Dist 2006 S.W. 3d 840. main volume petition for descretionary review refused. IF a trial court wish to culimate sentence Is Orally pronounced Gray. v. State App 14 Dist (2009) 291 SW 3d 555 Sentencing and punishment 1064

A Trial court decision to culimate sentence is orally pronounce reviewed for Abuse of discretion

Like the assessment of indivisuals punishment a trial judge decision to culminate Is a normalative dicretionary function that does not turn discrete Finding of Fact. unassailable on Appeal (2008) 250 SW 3d 1007 Criminal Law 1135 76 Sentence Art 4212 sec 1 Defendant placed on community supervision in concordance with powers assigned to Judicial branch of this government by constitutional Texas sec(2) Community Supervision means The PLACEMENT OF DEFENDANTS BY COURT under continuation of program and sanction which condition imposed by the Court in specified time or specific period

[4] The sentence was culminate denied relief for descretionary review Finding of fact relator did complete community supervision

## WRIT OF MANDAMUS MEMO OF LAW

In Collins 240 S.W. 3rd at 929 Affirmaterely waived his rights to presentence Jail Time. In re Jose Urrutia Gomez No. 03-08 00512CV COURT OF APPEALS AUSTIN TEXAS Sept. 16 (2008)

## MOTION FOR JUDGEMT NUNC PRO TUNC BE CORRECTED TO AWARD BACK TIME CREDIT SOUGHT MANDAMUS

Accordinglly we grant Gomez petitition for writ of mandamus and Direct the District Court to vacate it ORDER DENYING Gomez MOTION FOR Judgement NUNIC PRO TUNC and to enter a judgement for nunc pro tunc AWARDING Gomez CREDIT FOR TIME SERVED PRIOR TO SENTENCING   use Tex Art Crim Code

Procedure 42.035 [b] Electronic Monitering A Judge at the time pronouncement of sentence of confinement. Permitted house ANY OTHER CONDITIONS THE COURT CHOOSE TO IMPOSE

Art 42.09 775 42.16 42.12 78.d Community Supervision It is the purpose of this Statue to remove from existing Code of criminal procedure. Art 42.12

DWI Community Supervision sec 13 (a) A JUDGE GRANTING COMMUNITY SUPERVISION to a defendant convicted to on offense under chapter 49 Penal Code require as a condition of Comm Sup. (1) sec 3

## NUNC PRO TUNC MEMORANDOM OF LAW

Definition of Judgement NUNC PRO TUNC 17 (c) A Judgement entered on a day after, the time when it should have been entered replacing that entered on the earlier date specified a procedural device by which the record of a Judgement is amended to accord with that The Judge actually SAID and did so that the record will be accurate also termed decree NUNC.

EX Parte Madding cite at 70 SW 3d 131 Tex Crim App 2002 he claimed a constitutional double Jeopardy violation because the trial court initially ruled that his sentence would be served concurrently with another Case from Gregg County 52 days later ordered. To be served consecutively. Claim is both conizable on subsequent writ and meritous Therefore we grant

This case involves Due process not the issue of clear mistakable Error in the Judgement Under many circumstances HOWEVER a written Judgement does not accurately reflect oral pronouncement of a sentence is subject to correction **VIA** NUNC **PRO TUNC** motion and order in accurate incorrect written Judgement Via habecus Corpus see EX Parte patterson 139 Tex Crim App 484 489 141 SW2d

## MEMORANDOM OF LAW NUNC PROTUNC

Criminal code of procedure Art 42.031

Presence of defendant 23.5 plea agreement credit of time served Defendant was entitled to time Served Prior to sentencing. Even though defendant have entered a plea and the agreement Did give the defendant credit for time served in Re Gomez App 3 Dist (2008) 268 Sw 3d 262 Sentencing and Punishment.

32. Extradiction credit for time served Trial Court violated Its mandatory ministerial Duty TO NOT AWARD TIME SERVED IN JAIL AND ALL PRESENTENCE TIME

Defendant who fled to mexico was entitled to time served in mexican prison - while aw aiting extradiction Rodrieguz Vs. State App 13 (2009) (2009) WL 1801264 Sentencing and punishment

Review in General

Defendant use Direct Appeal to challenge Trial Courts Calculations of his Jail time Credits was improper where the trial court did not allow his Jail time

NUNC PRO TUNC MOTION Requesting The Court to Grant him additional credit for time served 2009. WL 1801264

# WRIT OF MANDAMUS
## MEMORANDOM OF LAW NUNC PROTUNC
## HABEUS CORPUS

In re Jose Urrutia Gomez No. 03-08-00 512 CV Court of Appeals of Texas Austin Sept 16 (2008)

### (BACKGROUND)

Inmate filed a motion FOR JUDGEMENT NUNC PRO TUNC That requested That his Judgement of Conviction be corrected to award backtime credits denied relief inmate sought mandamus relief.

Jose Urrutia mandamus to compel to enter NUNC PRO TUNC order modifying his Judgement of Conviction to reflect Backtime Credits For The reasons explain Herein We conditionally Grant relief

Tex Code Annotated 42.03 (a) West Supp (2008) CONSEQUENTLY [T]he Trial Court is required to Grant the defendant his PRESENTENCE when sentence is pronounced See Ex parte v Ybarra 149 S.W. 147 148 Tex Crim App (2004) Reflecting the mandatory duty

1. In fact the high court have emphasized that nunc pro tunc is the only mean by which a defendant can obtain relief of backtime. AT LEAST IF THE DEFENDANT IS CONFINED BEYOND his maximum discharge date Exparte Deeringer 210 SW 3d 616 617-618

Page 13

Tex Code Ann ch 42   Article 42.01 56

Nunc Pro Tunc   Correction of reformation of Judgement, Court has jurisdiction to render a NUNC PRO TUNC a judgement rendered after Conviction of a previous term but erroneously entered   Bennet vs. State Crim (1996) 652 194 S.W. 145

. Nunc Pro Tunc Judgement and sentence correcting   A MERE CLERICAL ERROR in Original judgement and sentencing condeming relator to 15 years of prison were not another and different Judgement sentencing. Putting relator in Double Jeopardy   Since they merely reflected. The True judgement and sentencing of the court Ex parte mattox criminal court of Appeals 1939   137 Tex Crim 380 129 Sw 2d 641 Double Jeopardy 114.1

We relator was properly sentence to 15 years imprisonment for robbery [But] Judgement and sentencing recorded by The clerk recited that relator was guilty of the offense of Robbery Failure to strike out words in (Parenthesis) was a clear clerical error which would be protected by NUNC PRO TUNC (1939)
DEFECTIVE ENTRY MADE IN MINUTES AT PREVIOUS TIMES WHICH LED TO VERDICT TRUE Judgement and Sentencing

MEMO OF LAW SPEAK THE TRUTH

FACTS INCORRECT WRITTEN JUDGEMENT VIA
HABEAS CORPUS

See Ex Parte Patterson 139 Tex Crim 489-498 141 S.W. 2d 319 323 (1940) A mere irregularity in a Judgement Maybe Corrected By NUNC PRO TUNC. But matter was not Subject for Habeas Corpus

Ex Parte Beeler 41 Tex Crim 240 241 53 S.W. 857 899 To make record Speak The truth By NUNC Pro TUNC entry of Judgement Ex Parte Stansburry 155 Tex Crim 73 74 231 SW 2d 431-432 1950 Ex Parte Wingfield 162 Tex Crim. 112 113 282 S.W 2d 219 1935

Downey Vs. United States 67 App DC 192 196 91 F 2d 223 229 (1937) changes in the record of Judgement of Oppertunity to be heard would deprive a person of liberty without Due Process of Law.

59. Art 42.01 Tex Code Ann.
Order that the modified amount of backtime credit by improperly granting Judgement NUNC PRO TUNC was appellable by the State as an order modifying the Judgement Time served was element of Judgement Collins Us. State 20007 240 SW 3d 925

MEMORANDOM OF LAW   JUDICIAL OPINION

Power vs. Kelley 70 SW 131 Tex App (2001)
I agree but if the error is clerical in nature
A NUNC PRO TUNC order is used to
Correct clericial errors not judicial errors
Wilson v State 677 SW 2d 518 521 Tex
Crim App (1984)

Judicial Error are those errors which
are the product of Judicial Errors reasoning
or determination State V Bates 889 SW
2d 306 309 Tex Crim App (1994) also
Smith V State 15 SW 3d 294 299 —
Error is Judicial were record is devoid
of any indication that this order
was mistakably inadvertently Signed
by trial court

CLERICAL ERRORS on the other
hand are those    Errors in which no judicial
reasoning contributed to their entity and some
reasons was not entered into The record
AT THE TIME  Bates 889 Sw 2d at 309
Alvarez V. State 605 SW at 615 617
Tex Crim App (1980)

Where the court STATED AN ERROR
IN THE ENTRY OF JUDGEMENT will be
styled as clerical in nature so as long as
The error did not come as product of
Judicial Reasoning  A NUNC PRO TUNC
order was properly used TO CORRECT A NUMBER
OF CONVICTED COURT JUDGEMENTS After a
clerk Testified she accidently put the wrong number
in original Judgement     Page 16

MEMORANDOM OF LAW NUNC PRO TUNC

Tex code Ann. 40.01 - 40.02  Judgement of Sentence  Reformation of Judgement.

where court could on motion NUNC PRO TUNC correct clerk error in entering sentencing and minutes as to reflect sentencing involved

Punishment set assessed against defendants **SHOULD APPEAR IN JUDGEMENTS** not only in sentencing, even in court instead of Jury could fix punishment. Cagle vs. State Criminal Appeal (944) 147 Tex Crim App 140179 SW 2d 545

# RELATOR HAVE A RIGHT TO APPEAL FROM SENTENCING

Nunc Pro TUNC **CORRECTING CLERKS** Error in entering sentence or minutes and such Judgements, and sentencing could not be used as collateral attack of habeus Corpus   EX Parte Patterson 139 Tex Crim 489   141. SW 39

where no Judgement found of Convict was found in record criminal court of Appeals  Fletcher v State Criminal court (1950) 513 229 SW 2d 74 Crim.

Judgement of conviction from which Appeal can be taken Workman v State of Criminal Court of Appeal 1761 170 Tex Crim App. 621 347 SW 2d 446.  Judicial Error 446 SW 2d 878 HabeusCorpus 141 SW 2d 319

# MEMORANDUM OF LAW NUNC PRO TUNC
## HABEUS CORPUS

See In re Gomez No. 03-08-00512CV Tex. Crim. App. (2006) Explaining such, That a complaint would be Conizable In a Habeus Corpus Application Only if the applicant ALLEGES That he is being illegally held, CONFINED Past maximum date because trial court FAILED TO GRANT HIM THE CORRECT AMOUNT OF PRESENTCE CREDIT

Collin 240 SW 3d 929

Affirmatively waived his Jail time credits Occurred IF the amount OF PRESENTENCE JAILTIME was not a negotiated Term of of a Plea Bargain Agreement.    THIS STATUE WOULD APPLY: TO ALL STATUATORY BACKTIME

Gomez responds with while Collins had injected some confusion....into NUNC pro tunc Practice It is Limited to the case where the RECORD REFLECTS a waiver of time credits, IF The Judge Didnt Say it then Defendant Is ENTITLED TO ALL TIME SPENT AFTER ARREST. and sentencing

The amount of presentence Jailtime was not a negotiated term of plea bargain Id In such instances The Court emphasizes This Statue would Apply To all back time

## JUDGEMENT

# NUNC PRO TUNC GRANTED

MEMO OF LAW SUPREME COURT CASES
JUDGES COURT SUPRESSING EVIDENCE

The Supreme court has called absolute immunity was established in Imbler v. Pachmen 424 U.S. 409 (1976) A death penalty case which prosecutor was accussed of Supressing Evidence and knawingly using false testimony

Supreme Court has called absolute Immunity a balance of evils and stated its to leave undressed the wrong done by dishonest Officers than to subject those who try to do their duty to constant threat of retaliation see Van de Camp vs. Goldstien 555 U.S. 335 (2009)

Such as Cases involved comments made by a prosecutor during a press conference see Buckley V. Fitzsimmons 113 SCt. (2606) (1993)

The distinction is to what conduct is entitled to immunity can be complicated due to various loopholes however as discussed in recent 7th circuit decision THAT THE PROSECUTOR WAS NOT ENTITLED TO ABSOLUTE Immunity for fabricating evidence before a defendant indictment, defendant was exonerated After 15 years

[ ] Prosecuter Now Judge 144th wanted to give me the defendant 15 year After the Judgene McGinity SIGNED Amended Judgenent To Eight year not tenth she continues retaliation.

## MEMORANDUM OF LAW
## MORTONS WRONGFUL CONVICTION

. Mortons Law, morton recieved almost 2 million in compensation plus lifetime annuity from the State of Texas **FOR WRONGFUL CONVICTION** Following a court inquiry ordered by the Texas Supreme Court. Mortons book entitled getting life published 2014

In 2008 Stevens was found guilty of recieving illegal benefits failing to report them (DOJ) report Admitted Federal Prosecitors had withheld **EXCULPATORY EVIDENCE** related to **STATEMENTS MADE AT** Stevens Trial

**THE EPIDEMIC OF BRADY VIOLATIONS** abroad in the land ninth Circuit Court of Appeals see U.S V Olsen 737 F3d 625 626 9th Cir (2013)

August 21, 2013 Federal District Court in Pennsylvannia **GRANTED** a death row prisoners petition for writ of habeas Corpus and vacated his Conviction and death sentence due to **BRADY VIOLATIONS** The prosecution withholding Exculpatory Evidence Dennis V Wetzel 966 F Supp 2d 489 E D Pa (2013 PLNJ Stickler Vs. Greene 527 U.S. 263 282 (1999) prosecution Failure to produce note of conflicting statements made by witnesses deemed insufficent to constitute Brady Violation in death penalty case.

# CONCLUSION

Where fore Premises Considered Relator prays this honorable issue an order directing The Clerk of Court To transmit The Amended Sentence awarding him two years. Pretrial And Eight Years TDCJ, Not 10 Years. Showing on his Amended Corrected sheet 8/13/2013 He is illegally held In Accordanc with violation statues and the constitution of the U.S. and State of Texas. Supported by memorandom of Case law HEREIN, FURTHER Ordering release habeus Corpus. release.

## AUTHENTINICITY OF APPENDIX

I swear under the penalty of perjury That the information contained here in this motion petition NUNC PRO TUNC WRIT OF MANDAMUS HABEUS CORPUS IS TRUE AND CORRECT sent on this 28th Day of May 2015.

Signed

## CERTIFICATE OF SERVICE

The forgoing instrument is transmitted to the criminal court of Appeals, to Texas Supreme Court It have been place' in the U.S mail

May 28 2015
DATE

Signature
Roland S. Perkins

Page 21

```
T. D. C. J. - I N S T I T U T I O N A L   D I V I S I O N
        DATE 11/20/14          RECORDS OFFICE           TIME 09:35:45
TDCJID: 01876813 NAME: PERKINS,ROLAND STERENE        UNIT DOMINGUEZ UNI
SENT. BEGIN DATE 07/29/2013 TDC RECEIVE DATE 09/12/2013
INMATE STATUS STATE APPROVED TRUSTY CLASS IV  W     LAST PCR REQUEST 11/20/14

     SENT. OF RECORD      00008      YRS 00 MOS 00 DAYS    MAND SUPV PAROLE
     FLAT TIME SERVED      00001 YRS 03 MOS 22 DAYS    016  %    016  %
     GOOD TIME EARNED      00001 YRS 00 MOS 06 DAYS    012  %    012  %
     WORK TIME EARNED      00000 YRS 07 MOS 25 DAYS    008  %    008  %
     MAND SUPV TIME CREDITS 00002 YRS 11 MOS 23 DAYS   036  %
     PAROLE TIME CREDITS   00002 YRS 11 MOS 23 DAYS              036  %
     MINIMUM EXPIRATION DTE: 01/15/2017
     MAXIMUM EXPIRATION DTE: 07/29/2021

JAIL GOOD TIME RECD YES         NUMBER OF DETAINERS 00
GOOD TIME LOST 00000 DAYS       WORK TIME LOST 00000 DAYS
PAROLE STATUS    BPP DATE                       TDC CALC DATE 06/17/2014
```

*Eight Year Corrected Amended Sentencing*

*8/16/13 LPA   8/20/13 REC'd Amended Judgement from Baar County*

REQUEST _____
CONDUCT RECORD:

```
18.
14
 8
---
40

1 yEM
1 yEM

3.4

31
31
-43
```



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

November 25, 2013

Roland S. Perkins
Dominguez Unit - TDC# 01876813
6535 Cagnon Rd.
San Antonio, TX 78252

Dear Mr. Perkins,

The Court of Criminal Appeals is in receipt of your "Petition for Discretionary Review."

A Petition for Discretionary Review is filed after an opinion is rendered from the Court of Appeals. It appears that an opinion has not yet been issued from the 4th Court of Appeals. We suggest that you contact the 4th Court of Appeals for more information.

Sincerely,

Abel Acosta
Clerk



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-13-00751-CR

Roland S. **PERKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR5082
The Honorable Angus K. McGinty, Judge Presiding

BEFORE JUSTICE MARION, JUSTICE BARNARD, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's judgment is AFFIRMED AS MODIFIED. The trial court's judgment is modified to reflect a sentence of ten years' confinement.

SIGNED November 26, 2014.

Marialyn Barnard, Justice